FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUL 31 PM 4: 41

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRANS-PACIFIC SHIPPING CO.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 00-0389** |
| | * | |
| **BLUE CLOUD SHIPPING &** | * | **SECTION "K"** |
| **TRADING, INC.** | * | |
| | * | **MAGISTRATE (2)** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION TO COMPEL RESPONSES TO DEFENDANT'S
### REQUEST FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, comes defendant, Blue Cloud Shipping & Trading, Inc. ("Blue Cloud"), who moves this Honorable Court for an order compelling plaintiff, Trans-Pacific Shipping Co. ("Trans-Pacific"), to fully respond to defendant's Request for Production of Documents. This motion is filed upon the grounds that Trans-Pacific has failed to fully respond to the defendant's Request for Production of Documents as discussed more thoroughly in the memorandum filed simultaneously herewith.

NO 99202844 1

Respectfully submitted,

*/s/ Robin C. Minturn*
JAMES H. ROUSSEL, T.A. (#11496)
ROBIN C. MINTURN (#25797)
PHELPS DUNBAR, L.L.P.
One Canal Place, Suite 2000
365 Canal Street
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130

ATTORNEYS FOR BLUE CLOUD SHIPPING & TRADING, INC.

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been served upon opposing counsel this 31st day of July, 2001 by depositing same in the U.S. Mail, postage pre-paid, properly addressed.

*/s/ Robin C. Minturn*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRANS-PACIFIC SHIPPING CO.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 00-0389** |
| | * | |
| **BLUE CLOUD SHIPPING &** | * | **SECTION "K"** |
| **TRADING, INC.** | * | |
| | * | **MAGISTRATE (2)** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Considering the foregoing Motion to Compel Responses to Defendant's Request for Production of Documents,

IT IS HEREBY ORDERED plaintiff is required to produce the documents requested in Defendant's Request for Production of Documents by _____, 2001.

New Orleans, Louisiana, this _____ day of _____, 2001.

_____
UNITED STATES MAGISTRATE

NO:99202877.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRANS-PACIFIC SHIPPING CO.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 00-0389** |
| | * | |
| **BLUE CLOUD SHIPPING &** | * | **SECTION "K"** |
| **TRADING, INC.** | * | |
| | * | **MAGISTRATE (2)** |

* * * * * * * * * * * * * * * * * * * * * * *

## 37.1 CERTIFICATE

NOW INTO COURT, through undersigned counsel, comes Blue Cloud Shipping & Trading Co., and in compliance with Local Rule 37.1 has discussed the outstanding discovery with plaintiff's counsel, via correspondence and telephone, prior to bringing the attached Motion to Compel Responses to Defendant's Request for Production of Documents.

NO:99202860 1

Respectfully submitted,

_____
JAMES H. ROUSSEL, T.A. (#11496)
ROBIN MINTURN (#25797)
PHELPS DUNBAR, L.L.P.
One Canal Place, Suite 2000
365 Canal Street
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130

ATTORNEYS FOR BLUE CLOUD SHIPPING & TRADING, INC.

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been served upon opposing counsel this 31st day of July, 2001 by depositing same in the U.S. Mail, postage pre-paid, properly addressed.

NO 99202860.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRANS-PACIFIC SHIPPING CO. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 00-0389 |
| | * | |
| BLUE CLOUD SHIPPING & | * | SECTION "K" |
| TRADING, INC. | * | |
| | * | MAGISTRATE (2) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO
DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

MAY IT PLEASE THE COURT:

Trans-Pacific Shipping Co. filed suit against Blue Cloud Shipping & Trading, Inc. on February 7, 2000 for damages related to the collision of the CHINA SPIRIT and the EL FLAMENCO on February 4, 2000. A preliminary conference was held and the matter was set for trial commencing on September 20, 2001. Defendant has admitted to liability in this case and the only outstanding issues concern damages.

Plaintiffs submitted an initial claim statement and supporting documentation to defendant on August 20, 2000 which was later followed by additional documentation on October 4, 2000

NO 99202726 1

(Exhibit "A"). After carefully reviewing the claims statement and supporting documentation, defendant concluded that additional information was needed in order to assess plaintiff's damage claims. Defendant therefore propounded a Request for Production of Documents designed to elicit the specific information required for evaluating plaintiff's damages. This Request for Production of Documents was submitted to plaintiff on June 13, 2001 (See Exhibit "B" attached hereto.) Plaintiff responded to defendant's Request for Production of Documents on July 10, 2000. In its response, plaintiff's counsel objected to several of defendant's requested documents but indicated that it would supply some of the requested material upon receipt (see Exhibit "C" attached hereto). Counsel for defendant later contacted plaintiff's counsel on July 27, 2001 in order to remind plaintiff of the promised discovery responses and inquire when the documents would be forthcoming. Counsel for plaintiff was unable to confirm when the requested documents would be available. Defendant is therefore forced to file this motion in order to preserve its rights should the documents not be forthcoming.

A quick review of the requested documents indicates that the information sought by defendant is very relevant to the issue of damages and is necessary for the defendant to assess plaintiff's claims.

Requests Nos. 1 and 2 pertain to charter parties, contracts and correspondence for Voyages Nos. 35, 36 and 37. Voyages 35, 36 and 37 correspond to the voyages immediately prior to, including and following the voyage on which the collision in question occurred. These charter parties, contracts and correspondence are necessary to calculate plaintiff's loss of use claim.

Request for Production No. 3 concerns various logs for Voyages 35, 36 and 37. These logs are relevant to determine fuel consumption which constitutes part of plaintiff's claimed damages. Additionally, there appears to have been a problem with the vessel's engine or machinery during

the voyage on which the collision occurred. Repairs related to the engine or machinery appear to have been made at the same time as permanent collision repairs in Shanghai and may affect damages related to expenses in Shanghai.

Request for Production No. 4 pertains to maintenance and repair records for the CHINA SPIRIT. This request for production is designed to elicit information on the possible problems with the engine and confirm that any repairs made in New Orleans and/or Shanghai were not pre-existing or non-collision related.

Requests for Production Nos. 5, 13 and 14 concern documents relating to crew wages for Voyages 35, 36 and 37. As this is a specific category of damages claimed by plaintiff, the information is necessary to confirm the crew's actual wages and determine what portion of the crew's overtime was related to collision repairs.

Request for Production No. 9 concerns documents sent to Shanghai Lifeng Shipyard regarding the CHINA SPIRIT including estimates, invoices, progress, notes and reports. These documents are necessary to confirm the costs associated with collision repairs and to determine the number of days the vessel may have been in drydock for repairs unrelated to the collision. The number of days in drydock directly affects the cost for permanent repairs as well as the loss of use claim.

Request for Production No. 17 seeks all survey reports of the CHINA SPIRIT from 1997 to 2001. Presumably these reports would discuss any prior damage to the CHINA SPIRIT or problems with the vessel's engine machinery. These records will aid defendant in determining if any of the repairs in Shanghai were unrelated to the collision.

Request for Production Nos. 20 and 21 relate to utilization rates for the CHINA SPIRIT and other vessels owned by plaintiff. These utilization rates are necessary to calculate the loss of use damages and the availability of substitute vessels.

Request for Production No. 22 concerns any and all documents evidencing fuel consumption for Voyages 35, 36 and 37. As stated above, fuel consumption is a claimed item of damage. Defendants need to obtain the requested documentation to evaluate plaintiff's demands.

Request for Production No. 25 concerns all estimates for permanent repairs. The reasonableness of repairs is obviously important in evaluating damages.

Request for Production No. 27 concerns documents related to non-collision repairs. These documents are necessary to determine what, if any, charges should be excluded from the claim as unrelated to the collision. Additionally, any extra days spent in drydock as a result of non-collision repairs should be excluded from plaintiff's loss of use claim.

Plaintiffs have argued that defendant's requests are untimely as the initial claims documents were submitted in August and September 2000. However, this is not a basis on which to refuse to produce discovery. The discovery request was propounded with sufficient time to allow plaintiff to respond prior to the discovery cutoff. As such, there is no legal basis for plaintiff's objections.

Given plaintiff's refusal to fully comply with the discovery request, defendant seeks an order compelling plaintiff to fully respond to defendant's Request for Production of Documents.

Respectfully submitted,

*(signature: Robin C. Minturn)*

JAMES H. ROUSSEL, T.A. (#11496)
ROBIN MINTURN (#25797)
PHELPS DUNBAR, L.L.P.
One Canal Place, Suite 2000
365 Canal Street
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130

ATTORNEYS FOR BLUE CLOUD SHIPPING & TRADING, INC.

### CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been served upon opposing counsel this 31st day of July, 2001 by depositing same in the U.S. Mail, postage pre-paid, properly addressed.

*(signature: Robin C. Minturn)*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRANS-PACIFIC SHIPPING CO. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 00-0389 |
| | * | |
| BLUE CLOUD SHIPPING & | * | SECTION "K" |
| TRADING, INC. | * | |
| | * | MAGISTRATE (2) |

* * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the attached Motion to Compel Responses to Defendant's Request for Production of Documents will be brought on for hearing before the Honorable Joseph C. Wilkinson, Jr., Magistrate, on Wednesday, August 15, 2001, at 10:00 o'clock a.m. or soon thereafter as counsel may be heard at 500 Camp Street, New Orleans, Louisiana 70130.

NO 99202866 1

Respectfully submitted,

_____
JAMES H. ROUSSEL, T.A. (#11496)
ROBIN MINTURN (#25797)
PHELPS DUNBAR, L.L.P.
One Canal Place, Suite 2000
365 Canal Street
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130

ATTORNEYS FOR BLUE CLOUD SHIPPING & TRADING, INC.

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been served upon opposing counsel this 31st day of July, 2001 by depositing same in the U.S. Mail, postage pre-paid, properly addressed.

_____

NO 99202866 1

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**