

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 AUG 15 AM 11:44

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
WILKINSON, M.J.
AUGUST 15, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRANS-PACIFIC SHIPPING CO.                    CIVIL ACTION

VERSUS                                        NO. 00-389

BLUE CLOUD SHIPPING & TRADING, INC.           SECTION "K" (2)

### HEARING ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:        Defendant's Motion to Compel Responses to Defendant's Request for Production of Documents

O R D E R E D:

__XXX__ : GRANTED IN PART AND DENIED IN PART as follows: The motion is granted as to Requests for Production Nos. 1, 2, 3, 4, 13, 14 and 21, all of which seek relevant information and/or are reasonably calculated to lead to the discovery of admissible evidence. All objections to these requests are overruled. The motion is denied as to Request for Production No. 9. The current response is sufficient. The motion is granted in part as to Request No. 17, limited to the time period 1999 to the present. The motion is granted as to Request for Production Nos. 5, 20, 22, 25 and 27. No objections to these

DATE OF ENTRY
AUG 15 2001



requests were asserted in the written Rule 34 responses submitted to defendant by plaintiff, so that the objections plaintiff now attempts to assert in its opposition memorandum have been waived. See <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 74 (7th Cir. 1992)(finding plaintiff "had probably already waived any objection to production by failing to object when disclosure was due"); <u>Marx v. Kelly, Hart & Hallman, P.C.</u>, 929 F.2d 8, 10, 12-13 (1st Cir. 1991)(district court order that objections to requests for production were waived by failure to make timely objections affirmed on appeal); <u>McLeod, Alexander, Powell & Apffel v. Quarles</u>, 894 F.2d 1482, 1484 (5th Cir. 1990)(vague objections lacking in specificity held invalid); <u>In re United States</u>, 864 F.2d 1153, 1156 (5th Cir. 1989) ("We readily agree with the district court that as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); <u>Krewson v. City of Quincy</u>, 120 F.R.D. 6, 7 (D. Mass. 1988); <u>Perry v. Golub</u>, 74 F.R.D. 360, 362-63 (N.D. Ala. 1976). Supplemental written responses, together with all responsive documents, must be produced within ten (10) days of entry of this order.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE