

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRANS-PACIFIC SHIPPING CO.** * | **CIVIL ACTION** |
| **VERSUS** * | **NO. 00-0389** |
| **BLUE CLOUD SHIPPING &** * | **SECTION "K"** |
| **TRADING, INC.** * | **MAGISTRATE (2)** |

**************************

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES OF DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

MAY IT PLEASE THE COURT:

In response to Blue Cloud Shipping & Trading Co.'s ("Blue Cloud") Request for Production of Documents, Trans-Pacific Shipping Co. ("Trans-Pacific") produced some limited documentation and averred that additional material had been requested and would be provided upon receipt. Shortly before filing the Motion to Compel, undersigned counsel contacted plaintiff's counsel to inquire when the outstanding material would be produced. However, counsel for plaintiff was unable to state when the supplemental responses and documents would be forthcoming. Given the discovery

NO 99206449 1

cutoff as well as the upcoming settlement conference scheduled for August 23, 2001, Blue Cloud filed the subject Motion to Compel.

Plaintiff urges the Court to deny the Motion to Compel on the grounds that the information is irrelevant and overbroad. Defendant submits that all of the requests are designed solely to elicit the documentation necessary to assess plaintiff's alleged damages as discussed below.

## REQUESTS NOS. 1 AND 2

Trans-Pacific has indicated that it will produce the relevant charter parties and correspondence relating to these charter parties. Despite this assertion, plaintiff has not produced the documents. Defendant submits that plaintiff should be ordered to produce these documents prior to the settlement conference scheduled for August 23, 2001 in order that the parties may have a meaningful discussion concerning plaintiff's alleged loss of use damages.

## REQUEST NO. 3

Trans-Pacific has specifically claimed fuel consumption during the off hire periods as an item of damages. All plaintiff has produced in support of its claim for bunker consumption are two letters from TORM setting forth TORM's calculations (Exhibits A & B). This documentation is insufficient to establish plaintiff's damages as the relationship between TORM and plaintiff is unknown.[1] Additionally, while plaintiff asserts that Trans-Pacific had to reimburse TORM for the bunkers, plaintiff has not produced the charter parties which would support this claim. In general defendant simply seeks documentation to support how bunker consumption was calculated as well as evidence that Trans-Pacific had to pay these expenses.

---

[1] Presumably the charter parties would shed light on the relationship, but these have not been produced

Plaintiff also submits that the fuel consumption information is not within its possession and control. However, fuel, deck and engineer's logs are routinely kept on board the vessel and thus within plaintiff's control.

**REQUEST NO. 4**

Trans-Pacific alleges that there were no repairs made to the vessel's engine in Shanghai, therefore making repair records irrelevant. However, as Bernard Teal's report indicates, the CHINA SPIRIT experienced problems with the lube oil separator (Exhibit J to Plaintiff's Memorandum in Opposition to Motion to Compel). From his comments, it seems that the vessel was originally scheduled to sail from Lixin Shipyards on April 14, 2000 but was not able to leave until April 16, 2000. Additionally, plaintiff's own documents indicate that the main engine was damaged and surveyed by ABS only days before arriving at Lixin Shipyard (See Exhibit N to Plaintiff's Memorandum in Opposition to Motion to Compel). Defendant has sought the production and repair records in order to verify that non-collision repairs did not cause additional delay at the shipyard in Shanghai and to determine whether any of the crew wages and/or overtime is attributable to non-collision repairs conducted by the crew while at the Lixin Shipyard.

**REQUESTS NOS. 5, 13 AND 14**

Defendant seeks information regarding crew wages as plaintiff has claimed both wages and overtime as collision related expenses. The only documentation produced in support of these claims is a short summary from New Orleans and an e-mail from the master in Shanghai (Exhibits C & D). These documents are not sufficient to evaluate plaintiff's claims. For example, while it is not disputed that non-collision repairs were conducted in Shanghai, if any of the alleged overtime is attributable to non-collision repairs, the claim for overtime should be reduced accordingly.

Additionally, the wage documents do not indicate if overtime was a set amount pursuant to the crewmembers' contracts or accrued on an hourly basis.

In addition, the documentation submitted by plaintiff in its Memorandum in Opposition to the Motion to Compel indicates that several crewmembers were discharged following repairs in Shanghai. Defendant submits that Trans-Pacific may not have properly mitigated its damages if the dismissed crew members were not necessary for collision repairs.

## REQUEST NO. 9

As the report of Mr. Teal sets forth, the vessel was ready to leave the shipyard in Shanghai on April 14, 2001. Defendant simply seeks information verifying why it took an additional two days for the vessel to leave Shanghai. The requested documentation would also shed light on the activities conducted by the crew of the CHINA SPIRIT. If the crew remained on board the vessel or incurred overtime in connection with non-collision repairs, the crew wage claim should be reduced accordingly.

## REQUESTS NO. 17 AND 27

Blue Cloud has sought the production of all surveys performed on the CHINA SPIRIT to insure that none of the alleged collision related damage was pre-existing. Additionally, defendant seeks information regarding problems with the main engine and the fuel oil lube separator in order to determine what repairs may have been conducted in Shanghai.[2]

## REQUESTS NOS. 20 AND 21

Defendant has requested utilization rates for the CHINA SPIRIT as Trans-Pacific has claimed loss of use as an element of damages. If the vessel was only sporadically utilized before or after the

---

[2]The majority of these reports are attached to plaintiff's Memorandum in Opposition and were only produced after the Motion to Compel was filed. Defendant only seeks those reports that have not yet been produced.

NO 99206449.1                                            4

collision, loss of use damages may not be appropriate or should be reduced accordingly. Similarly, if Trans-Pacific had substitute vessels, loss of use damages may also be inappropriate. (See *Todd Shipyards v. Turbine Serv., Inc.*, 674 F.2d 401 (5th Cir. 1982)( Fifth Circuit reduced loss of use damages by the vessel's utilization rate); *Standard Marine Towing Services, Inc. v. MT DUA MAU*, 708 562 (S.D.N.Y. 1989)(court examined logs to determine utilization rate as well as evidence of substitute vessels); *Maine Office of America Corp. v. M/V VULCAN*, 1F.Supp. 278, 280 (E.D.L.A. 1995) (court examined whether there was a "ready market" for the vessel).

## CONCLUSION

For the foregoing reasons, the Motion to Compel filed by defendant, Blue Cloud should be granted. While plaintiff has produced some documentation, Blue Cloud simply wishes to flush out the underlying records which allegedly support plaintiff's claimed damages. In particular, the documentation relating to the charter parties and crew wages has not been produced and is essential to evaluate plaintiff's damages and/or expenses.

                                                Respectfully submitted,

                                                */s/ Robin C. Minturn*
                                                JAMES H. ROUSSEL, T.A. (#11496)
                                                ROBIN MINTURN (#25797)
                                                PHELPS DUNBAR, L.L.P.
                                                One Canal Place, Suite 2000
                                                365 Canal Street
                                                New Orleans, Louisiana 70130-6534
                                                Telephone: 504-566-1311
                                                Facsimile: 504-568-9130

                                                ATTORNEYS FOR BLUE CLOUD SHIPPING & TRADING, INC.

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading has been served upon opposing counsel this 14th day of August, 2001 via facsimile, hand delivery or by depositing same in the U.S. Mail, postage pre-paid, properly addressed.

*Robin C. Menuten*

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**