

MINUTE ENTRY
DUVAL, J.
September 13, 2001

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRANS-PACIFIC SHIPPING CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-389** |
| **BLUE CLOUD SHIPPING & TRADING** | **SECTION "K"(2)** |

Attending a pre-trial conference held this day were:

Robert Murphy for plaintiff and
James H. Roussel and Robin Minturn for defendants.

Having informed counsel of the on-going criminal trial which conflict with the trial as presently scheduled,

**IT IS ORDERED** that:

Trial of this matter is **CONTINUED** to **December 13, 2001 to commence at 9:00 a.m.** Counsel shall be in Chambers at 8:30 a.m. to discuss any matters necessary prior to the commencement of trial.

**IT IS FURTHER ORDERED** that should the parties decide that the matter may be submitted on briefs, that determination will be communicated to the Court in a letter by **Friday, September 28, 2001.**

DATE OF ENTRY
SEP 1 8 2001

In the event that this matter does proceed to trial,

**PLEASE READ AND STRICTLY COMPLY WITH EACH DEADLINE ESTABLISHED HEREIN. Failure to comply with this order may result in sanctions, including, but not limited to, waiver of issues and objections not timely filed, an award of costs and expenses, a continuance of the trial date, and/or dismissal.**
**IT IS FURTHER ORDERED** that:

1. Prior to **December 6, 2001** counsel shall:

   a. meet, pre-mark, and exchange all exhibits intended to be used at trial and stipulate as to their authenticity and admissibility, if possible.

   b. review all deposition testimony to be used at trial in accordance with this Court's rules and shall eliminate all attorney colloquy, extraneous, and objectionable material therefrom. Counsel for all parties shall designate by underlining the portions of deposition testimony upon which they intend to rely. Such designations are preferably made by counsel shading their respective designations using different colored "hi-liter" or similar inks. The Court will not permit the use of deposition testimony not prepared in compliance with these requirements at trial, except for good cause shown.

2. No later than **December 6, 2001 at 4:00 p.m.** counsel shall:

   a. file all memoranda (an original and one copy) relative to the objections to exhibits.

   **No party shall be permitted to make use at trial of any exhibits for which no stipulation as to authenticity and admissibility exists or for which no memorandum relative to the objections has been timely submitted, except by leave of Court or for good cause shown;**

   **Furthermore, when filing any motion in limine with respect to an exhibit, counsel must identify each relevant exhibit by that number used in the Bench Books to be provided to the Court; otherwise, a copy of each exhibit must be attached to the motion. Failure to comply with this order may result in the automatic denial of the motion in limine.**

   b. file all motions in limine and memoranda in support thereof that were mentioned in the pre-trial order;

c. submit copies of designated depositions with written objections, if any, to deposition testimony. **The Court will not permit the use of deposition testimony not prepared in compliance with these requirements at trial, except for good cause shown; any objection not briefed will be considered waived;**

d. deliver to Court a bench book with **copies** of marked exhibits;

e. submit the curriculum vitae and a copy of the report of each expert listed in the pre-trial; and

f. file an original and one copy of a pre-trial memoranda that focuses on the contested issues of law and suggested findings of fact and conclusions of law.

g. identify by name any witness identified as a "representative" in the pre-trial order by addendum to the Pre-Trial Order. **FAILURE TO DO SO WILL CONSTITUTE A WAIVER OF THE RIGHT TO CALL SUCH WITNESS UNLESS GOOD CAUSE IS SHOWN FOR SUCH DEFALCATION.**

**Responses to any memoranda filed at that time shall be filed no later than Tuesday, December 11, 2001.**

**ALL SUCH MATERIALS SHALL BE FILED IN CHAMBERS--
NOT IN THE CLERK'S OFFICE**

3. On the **day of trial** counsel shall,

   a. provide the Court with a copy of any deposition testimony to be used for impeachment purposes, along with any other discovery material that has not been previously provided to the Court.

   b. provide the Courtroom Deputy with a list of witnesses counsel intends to call each day of trial.

4. Counsel shall pursue amicable resolution of this matter. In the event a settlement is reached, counsel shall retrieve all bench books and copies of depositions previously submitted to the

Court within five days. Failure to timely retrieve these materials shall be construed by the Court as a request to discard same.

5. Counsel may be ordered to submit proposed findings of fact and conclusions of law **after trial** at a time to be determined by the court.

6. Counsel are hereby apprised that an Elmo Visual Presenter will be available for use at trial. This system allows counsel to show all documents and exhibits to the jury on a large screen and eliminates the need for copies of bench books for each juror. The Elmo can also be used to display a variety of non-documentary evidence, such as three-dimensional objects and x-rays, to the jury. Also available is an Epson 5100 Data Video Projector, which will enable counsel to show material stored on floppy disks, hard drives, or CD-ROMS to the jury on the large screen using counsels' personal laptop computers. If counsel are unfamiliar with the use of an Elmo or Epson Projector, counsel may arrange to have the courtroom deputy or law clerk familiarize counsel with the devices the morning of trial or at an arranged meeting during the week before trial. The court strongly encourages counsel to make use of the Elmo and/or Epson Projector.